BBC

U.S. District Court
Wisconsin Eastern
NOV 13 2026
FILED
Clerk of Court

**Benjamin E. Trainer, Defendant, Pro Se**
**144 Sioux St.**
**Tavernier, Florida 33070**
**Telephone: 305-570-9424**
**Email: trainerkeysfishing101@gmail.com**
BENJAMIN E. TRAINER, DEFENDANT, PRO SE, PRO SE

**UNITED STATES DISTRICT COURT**

**COUNTY OF EASTERN DISTRICT OF WISCONSIN GREEN BAY DIVISION**

| | |
|---|---|
| **KORTNEY OVIEDO**<br>Plaintiffs,<br>vs.<br>**BENJAMIN E. TRAINER**<br>Defendants | Case No.: 26-cv-1852<br>**DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(b)(6), WITH SUPPORTING MEMORANDUM**<br>**Judge: [JUDGE NAME — not provided]**<br>**Green Bay Division**<br>**Hearing Date: No hearing requested; submitted on the written briefs** |

**DEFENDANT'S MOTION TO DISMISS AND SUPPORTING MEMORANDUM**

## I. INTRODUCTION

Defendant Benjamin E. Trainer, appearing pro se, moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss the Complaint of Plaintiff Kortney Oviedo for failure to state a claim upon which relief can be granted. The Complaint asserts a single claim for defamation. It offers general accusations but does not identify any specific statement, the date it was made, who made it, to whom it was communicated, or how it was published. Without those facts, the Complaint does not plausibly allege each element of defamation. This motion is brought on that ground alone, and Defendant raises no other defense at this time.

## II. RELIEF REQUESTED

Defendant asks the Court to dismiss the Complaint without prejudice under Fed. R. Civ. P. 12(b)(6), which permits a defendant to move to dismiss for failure to state a claim. Defendant requests no hearing and asks that the motion be decided on the written submissions, as the Court's local rules permit. E.D. Wis. Civ. L.R. 7. This motion identifies Rule 12(b)(6) as its governing rule, as Civil Local Rule 7 requires, and this memorandum is incorporated in the motion.

## III. TIMELINESS

Defendant was served with the Summons and Complaint on October 22, 2026. A defendant ordinarily must respond within 21 days after service, Fed. R. Civ. P. 12(a)(1)(A)(i), and a motion under Rule 12(b) may be made before a responsive pleading is filed, Fed. R. Civ. P. 12(b). This motion is filed on or about November 5, 2026, within that period. Defendant has not filed an Answer. Under Fed. R. Civ. P. 12(a)(4)(A), the filing of this motion alters the time to answer until after the Court rules on it. [SCHEDULING ORDER — Defendant is not aware of any order modifying these deadlines; confirm before filing.]

## IV. RULE 12(b)(6) STANDARD

A Rule 12(b)(6) motion tests whether the complaint states a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Court accepts the well-pleaded factual allegations of the Complaint as true and draws reasonable inferences in the Plaintiff's favor, but it need not accept legal conclusions or bare recitals of the elements of a claim. To survive, a complaint must contain enough factual content to make the claim plausible, not merely possible. [CITATION NEEDED — no verified authority available for the plausibility standard] Because this motion challenges only the sufficiency of the Complaint, Defendant relies solely on the Complaint's allegations and does not ask the Court to consider any facts outside the pleading.

## V. ARGUMENT

### A. The Complaint Pleads No Specific Defamatory Statement.

A defamation claim rests on a particular false statement of fact. [CITATION NEEDED — no verified authority available for the elements of defamation under Wisconsin law] The Complaint does not quote, paraphrase, or describe any specific statement attributed to Defendant. [COMPLAINT PARAGRAPH CITES — not provided] It instead relies on general accusations of wrongdoing. Without knowing what was said, neither Defendant nor the Court can determine whether the statement was false, whether it was defamatory in meaning, or whether it was a statement of fact rather than opinion.

### B. The Complaint Does Not Allege Who Spoke, When, or Where.

The Complaint does not allege the date or approximate time of any statement, the speaker, or the setting in which any statement was made. [COMPLAINT PARAGRAPH CITES — not provided] These omissions prevent Defendant from understanding the claim and preparing a response. They also prevent the Court from assessing whether the claim is plausible or timely.

### C. The Complaint Does Not Allege Publication to a Third Party.

Publication, meaning communication of the statement to someone other than the Plaintiff, is an essential element of defamation. [CITATION NEEDED — no verified authority available] The Complaint does not identify any person who received any statement or how any statement was communicated. Without such facts, the element of publication is not plausibly alleged.

**D. The Complaint Alleges No Facts Showing Harm or Support for Each Element.**

Taken together, the Complaint offers conclusions rather than facts for each element of its sole claim. General accusations, without specific supporting facts, do not state a plausible claim for relief and do not give Defendant fair notice of what he must defend against. [CITATION NEEDED — no verified authority available]

**E. Dismissal Should Be Without Prejudice.**

Defendant asks that dismissal be without prejudice. This leaves Plaintiff free to seek leave to file an amended complaint that pleads specific facts, should Plaintiff be able to do so consistent with Fed. R. Civ. P. 11.

## VI. CONCLUSION

For these reasons, Defendant respectfully requests that the Court grant this motion and dismiss the Complaint without prejudice under Fed. R. Civ. P. 12(b)(6). A proposed order is submitted with this motion.

DATED: November 02, 2026

Respectfully submitted,

[signature]

Benjamin E. Trainer
Defendant, Pro Se
144 Sioux St.
Tavernier, Florida 33070

305-570-9424
trainerkeysfishing101@gmail.com

Plaintiff's counsel for service: Michele Mitchell, MTAM Law, PLLC, P.O. Box 816645, Hollywood, Florida 33081-0645. Method of service: [SERVICE METHOD — not provided].