**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**
**GREEN BAY DIVISION**

KORTNEY OVIEDO,
Plaintiff,
v. Case No. 1:26-cv-01852-BBC
BENJAMIN E. TRAINER,
LEATHERNECK BACKCOUNTRY FISHING LLC, and
VETERANS R&R FISHING INCORPORATED,
Defendants.

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO BENJAMIN E. TRAINER'S MOTION TO DISMISS**

Plaintiff Kortney Oviedo, through counsel, submits this memorandum under Civil L.R. 7(b) in opposition to Defendant Benjamin E. Trainer's motion to dismiss, ECF No. 9. The motion should be denied because the factual allegations it describes as missing appear expressly in the Complaint, ECF No. 1.

Trainer argues that the Complaint identifies no particular statement, speaker, date, recipient, publication, or resulting harm. Mot. 2–4. The Complaint quotes both challenged voicemails, identifies March 22, 2026 as the date of both calls, gives their approximate times, names the executive director who received them, and identifies the telephone number used. Compl. ¶¶ 44–50. It also alleges why the statements were false and describes the resulting professional scrutiny, required HIPAA re-education, reputational harm, and emotional distress. *Id.* ¶¶ 54–64, 69–75. The Complaint contains two counts: defamation and intentional interference with employment. *Id.* ¶¶ 65–85. Neither count rests on the unspecified accusations described in the motion.

## I The governing standard requires consideration of the facts actually pleaded

Under Rule 8(a)(2), a complaint must provide a short and plain statement showing an entitlement to relief. It must contain enough factual matter, accepted as true, to support a

plausible inference of liability; a court need not accept unsupported legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Plausibility requires more than the possibility of misconduct but does not require proof at the pleading stage. *Id.* at 678. The Seventh Circuit likewise distinguishes a plausible factual account from a requirement that the plaintiff establish which competing account is true. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404–05 (7th Cir. 2010).

Trainer expressly confines his motion to the sufficiency of the Complaint and asks the Court to consider no facts outside it. Mot. 2–3. Plaintiff likewise relies on the allegations already pleaded. The relevant question is whether those allegations support the claims, not whether the Complaint contains the omissions attributed to it in the motion.

Trainer moves solely under Rule 12(b)(6) and expressly states that he "raises no other defense at this time." Mot. 2. Accordingly, any defenses under Rule 12(b)(2)–(5) that were available to Trainer when he made this motion but were omitted are waived. Fed. R. Civ. P. 12(g)(2), 12(h)(1)(A).

## II The Complaint identifies the statements and their publication in detail

### A Paragraphs 49 and 50 quote the challenged statements

Section V.A of the motion asserts that the Complaint does not quote, paraphrase, or describe a specific statement. Mot. 3. Paragraph 49 quotes Trainer's first voicemail, including his accusation that "one of your workers, Kortney" committed "a HIPAA violation" and that "[s]he violated my privacy after I was talking to her about a personal issue with a hemorrhoid." Paragraph 50 separately quotes the female caller's accusation that she visited the facility and that Kortney mocked her medical condition. Paragraphs 51–55 explain the assertions conveyed by those words and specifically deny the encounters and conduct described. Paragraph 67 expressly

identifies those quoted voicemails as the particular words challenged in Count I. The statements are already before the Court in the pleading.

**B The pleading identifies the speakers and the circumstances of the calls**

Section V.B asserts that no speaker, date, approximate time, or setting is alleged. Mot. 3. Paragraphs 44–46 identify Kristin Molski, Plaintiff's executive director and supervisor at Green Bay Health Services, as the recipient, and identify the facility's Green Bay address. They allege that Molski received the first call on March 22, 2026 at approximately 3:42 p.m. and the second at approximately 4:16 p.m. Paragraphs 47–48 identify the originating number, the caller identification associated with Trainer, and his control of that number. Paragraphs 48–49 attribute the first call to Trainer personally.

The Complaint candidly identifies the second caller as a woman whose name Plaintiff does not yet know. It alleges the factual basis for inferring Trainer's involvement in that call: use of his controlled business number, the closely timed calls, his earlier references to HIPAA violations, and his express threat to target Plaintiff's workplace. Compl. ¶¶ 38–40, 45–48, 57. Those facts support the pleaded inference of authorization or concerted conduct. Plaintiff need not establish that inference as fact to defeat this motion. See *Iqbal*, 556 U.S. at 678–79. In any event, uncertainty concerning the second caller does not eliminate the separate allegation that Trainer personally made the first quoted accusation.

**C Molski is expressly identified as the third party who received the voicemails**

Section V.C argues that the Complaint identifies neither a person who received a statement nor a method of communication. Mot. 3–4. Paragraphs 44–50 allege both: telephone calls and voicemails received by Molski, a person other than Plaintiff. Paragraph 58 alleges that Molski discussed the accusations with Plaintiff the next day. Paragraph 66 again identifies

Molski as the third party to whom Trainer made his first statement. Those allegations satisfy the publication component of Wisconsin defamation law. See *Terry v. Journal Broadcast Corp.*, 2013 WI App 130, ¶ 14. The motion's contrary description cannot support dismissal.

## III Count I plausibly alleges actionable professional slander

Wisconsin requires a false statement communicated to someone other than the plaintiff, which is unprivileged and capable of harming the plaintiff's reputation or deterring others from associating or dealing with the plaintiff. *Terry*, 2013 WI App 130, ¶ 14. The words are assessed according to their ordinary meaning. *Id.* ¶ 19. Count I and its incorporated factual allegations address those requirements.

### A The quoted accusation describes verifiable misconduct and explains its falsity

Trainer's accusation describes a purported personal encounter and an asserted disclosure or misuse of private medical information. Compl. ¶¶ 49, 51, 53. Whether that encounter occurred and whether Plaintiff disclosed or discussed his medical information are factual questions. The accusation is not merely a generalized expression of dislike. Although an opinion may be protected, an expression that implies defamatory underlying facts can be actionable. *Terry*, 2013 WI App 130, ¶ 23. Calling the conduct a HIPAA violation does not strip the accompanying assertions of their factual content.

The pleading also supplies specific facts supporting falsity. Plaintiff alleges she never treated Trainer, accessed or disclosed his medical information, or discussed his hemorrhoid or other condition. Compl. ¶¶ 3, 54, 69. She separately denies the workplace encounter described by the female caller. *Id.* ¶¶ 54–55. These allegations identify what is false and why; they do not merely append the word "false" to an unidentified statement.

The words were directed to the supervisor of a nurse and accused that nurse of professional misconduct. Both callers identified Kortney, and the Complaint explains why their accusations concerned Plaintiff. *Id.* ¶¶ 6, 44, 49–53, 68. An accusation of violating medical privacy is capable of lowering a nurse in the estimation of the executive director responsible for her work. The alleged ensuing scrutiny and required re-education reinforce that inference. *Id.* ¶¶ 59–61, 70–71.

**B The alleged knowing falsity would defeat a conditional privilege**

The Complaint alleges that Trainer claimed a personal medical encounter that never occurred, after researching Plaintiff's employer and threatening to target her workplace. *Id.* ¶¶ 38–40, 49, 54, 56–57. His alleged knowledge of his own interactions with Plaintiff supports an inference that the accusation was knowingly false. The prior mistaken-identity admissions and the sequence of employer-directed threats supply additional factual support. *Id.* ¶¶ 35–40, 56–57, 72. The pleading therefore does not rely solely on a conclusory allegation of malice.

Trainer does not develop a privilege defense in this motion. Even assuming a conditional privilege could otherwise attach to a genuine workplace complaint, the pleaded facts do not establish an unassailable defense. Wisconsin recognizes abuse of a conditional privilege where a publication is knowingly or recklessly false or made for a purpose outside the privilege. *Hart v. Bennet*, 2003 WI App 231, ¶¶ 29–31, 267 Wis. 2d 919, 672 N.W.2d 306. Plaintiff expressly alleges fabricated encounters, knowledge or reckless disregard of falsity, and an improper retaliatory purpose. Compl. ¶¶ 54–57, 63–64, 72–73. Taken as true, those allegations preclude dismissal based on an assumption that the calls were good-faith reports.

**C The professional accusation supports slander per se without lost wages**

Section V.D broadly asserts that no facts show harm. Mot. 4. Paragraphs 58–62 describe the supervisor's response, required HIPAA re-education through Relias, scrutiny of Plaintiff's professional integrity, workplace reputational injury, humiliation, anxiety, and sleep disruption. Paragraph 75 links that harm to the publications. Plaintiff expressly alleges that she remained employed and lost no wages. *Id.* ¶¶ 60, 75. That qualification does not erase the injuries actually pleaded.

Wisconsin distinguishes ordinary slander requiring special damages from slander actionable per se. *Freer v. M&I Marshall & Ilsley Corp.*, 2004 WI App 201, ¶¶ 9–12, 276 Wis. 2d 721, 688 N.W.2d 756. The professional category includes statements whose defamatory character arises from their imputation of misconduct in a business, trade, profession, or office. *Id.* ¶ 11. *Freer* also requires the defamatory character to appear from the words themselves, without an added defamatory innuendo. *Id.* ¶¶ 12–13.

The first voicemail satisfies that standard as pleaded. Trainer expressly sought a formal complaint against "one of your workers," identified Kortney, and accused her of a HIPAA violation and violating his privacy concerning a personal medical condition. Compl. ¶ 49. The asserted misconduct is apparent from the accusation itself. Unlike the neutral descriptions of prior job responsibilities held insufficient in *Freer*, 2004 WI App 201, ¶¶ 3, 13, these words directly charge an employee with violating medical privacy. Plaintiff does not need the online dispute to supply their defamatory meaning. The quoted accusation supports her professional-slander theory under paragraph 71 and defeats dismissal for failure to plead special pecuniary loss.

Plaintiff accordingly does not ask the Court to treat emotional distress alone as special damages for ordinary slander. She pleads a professional accusation actionable per se and also

identifies actual reputational and personal harm. Compl. ¶¶ 59–62, 70–75. Nor must every statement ultimately support identical remedies for the claim based on Trainer's first voicemail to proceed. The motion supplies no basis for dismissing that independently pleaded publication.

## IV The motion overlooks the separately pleaded interference claim

The motion repeatedly characterizes the Complaint as asserting a single claim. Mot. 2, 4. Count II instead alleges intentional interference with Plaintiff's employment relationship. Compl. ¶¶ 77–85. Wisconsin's elements are an existing or prospective contractual relationship with a third party, intentional interference, causally connected damages, and absence of justification or privilege. *Frey Construction & Home Improvement, LLC v. Hasheider Roofing & Siding, Ltd.*, 2025 WI App 4, ¶ 24.

The Complaint identifies the employment relationship with Green Bay Health Services and facts showing Trainer knew of it. Compl. ¶¶ 6, 38–40, 78–79. His employer research and express threat that Plaintiff's work would be "blasted," followed by the alleged false privacy complaint to her supervisor, support intentional interference rather than an incidental effect. *Id.* ¶¶ 38–40, 49, 57, 79–81. The employer then confronted Plaintiff and required HIPAA re-education. *Id.* ¶¶ 58–60, 82. The asserted fabrication and retaliatory purpose support the absence of justification. *Id.* ¶¶ 54–57, 63–64, 83.

Count II alleges actual professional reputational harm and workplace consequences in addition to emotional distress. *Id.* ¶¶ 82–84. *Frey* identifies actual harm to reputation among potentially recoverable interference damages; its discussion does not confine recovery to wages or lost contractual benefits. 2025 WI App 4, ¶ 36. The Court should therefore reject an inference that continued employment necessarily establishes an absence of any cognizable injury.

Plaintiff recognizes the distinct limitation on emotional-distress recovery discussed in *Musa v. Jefferson County Bank*, 2001 WI 2, ¶¶ 15–17, 240 Wis. 2d 327, 620 N.W.2d 797: such recovery in an interference action requires substantial other damages. Plaintiff relies here on her separately pleaded professional reputational injury and resulting workplace consequences, not on nonexistent treatment expenses or an assertion that emotional distress alone always suffices. Compl. ¶¶ 59–62, 82–84. Whether the evidence establishes substantial other damages will govern the availability of that component of recovery. It does not support the motion's assertion that the Complaint alleges no injury or only one claim.

## V The motion supplies no ground to dismiss the claims against the other defendants

Trainer identifies himself as the individual movant, and his motion addresses the sufficiency of the allegations against him. Mot. 1–2. Leatherneck Backcountry Fishing LLC and Veterans R&R Fishing Incorporated are separately named defendants. Compl. ¶¶ 9–13. General L.R. 83(e) requires those entities to appear through counsel; Trainer's pro se filing cannot serve as their representation. Plaintiff's agency allegations appear in paragraphs 23–29 and 74. The Court should not treat this individual motion as an appearance or a motion by the entities.

## VI Any identified pleading deficiency should permit a targeted amendment

The existing allegations warrant denial of the motion. If the Court nevertheless identifies a curable deficiency, Plaintiff requests an opportunity to address that deficiency before final judgment. Rule 15(a)(2) favors leave when justice requires, and the Seventh Circuit ordinarily affords a plaintiff at least one opportunity to amend an original complaint dismissed under Rule 12(b)(6), absent futility or another sufficient reason. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Northwest Indiana*, 786 F.3d 510, 519–20 (7th Cir. 2015). Trainer himself requests dismissal without prejudice. Mot. 4. Plaintiff requests a reasonable period to submit any

necessary motion and complete proposed amended complaint consistent with Civil L.R. 15(a)–(b), rather than termination of the action.

**Conclusion**

**WHEREFORE**, Plaintiff respectfully requests that the Court deny Benjamin E. Trainer's motion to dismiss, ECF No. 9. Alternatively, any dismissal should be limited to the particular deficient claim or theory, without prejudice and with an opportunity to seek leave to amend. The motion provides no basis to dismiss the action in its entirety or to grant relief on behalf of the separately named business defendants.

Dated: November 23, 2026

Respectfully submitted,

s/ Michele Mitchell
Michele Mitchell
Florida Bar No. 1048843
MTAM Law, PLLC
963 Azure Lane
Weston, Florida 33326
Telephone: 954-658-0789
Email: michele@mtam.law
Attorney for Plaintiff Kortney Oviedo

## CERTIFICATE OF SERVICE

I certify that on November 23, 2026, I filed the foregoing with the Clerk of Court using CM/ECF and served true and correct copies by depositing them in the United States mail, first-class postage prepaid, separately addressed to:

Benjamin E. Trainer
144 Sioux Street
Tavernier, Florida 33070

Leatherneck Backcountry Fishing LLC
c/o Benjamin E. Trainer
144 Sioux Street
Tavernier, Florida 33070

Veterans R&R Fishing Incorporated
c/o Benjamin E. Trainer
144 Sioux Street
Tavernier, Florida 33070

s/ Michele Mitchell
Michele Mitchell